UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-7761-MWF (MBKx)**          **Date:  January 20, 2026**
Title:     Joel Andrew Warman et al. v. General Motors LLC et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**          ORDER DENYING PLAINTIFFS' MOTION
                                         TO REMAND [15]

Before the Court is Plaintiffs Joel Andrew Warman and Jennifer Lee Warman's Motion to Remand (the "Motion"), filed September 18, 2025.  (Docket No. 15). Defendant General Motors LLC ("GM") filed an Opposition on November 3, 2025. (Docket No. 19).  Plaintiffs did not file a Reply.

The Motion was noticed to be heard on **November 24, 2025**.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**, and Plaintiffs' request for attorneys' fees is **DENIED** *as moot*.  GM's removal was timely because the jurisdictional facts were not apparent from the face of the Complaint.

## I.     **BACKGROUND**

On December 13, 2019, Plaintiffs purchased a 2020 Chevrolet Traverse (the "Vehicle") manufactured by GM.  (Complaint (Docket No. 1-1) ¶¶ 7, 10).  In connection with the purchase, Plaintiffs received various warranties.  (*Id.* ¶ 12).

Following the purchase, Plaintiffs allege that defects manifested in the Vehicle, including seat and exhaust system defects.  (*Id.* ¶ 13).  Plaintiffs presented the Vehicle

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-7761-MWF (MBKx)**          **Date:  January 20, 2026**
Title:      Joel Andrew Warman et al. v. General Motors LLC et al.

to GM and/or its authorized service and repair facilities for diagnosis and repair of the defects, but Plaintiffs allege that GM failed to service or repair the Vehicle in conformance with the express warranties provided to Plaintiffs.  (*Id.* ¶ 14-15).

Based on the above allegations, Plaintiffs allege violations of the Song-Beverly Consumer Warranty Act ("SBA"), Cal. Civ. Code §§ 1791.1, 1793.2, and violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301–2312.  (*Id.* ¶¶ 9–45).

Plaintiffs commenced this action in Los Angeles County Superior Court on February 3, 2025.  (*See generally id.*).  On August 19, 2025, GM removed this action on the basis of diversity jurisdiction.  (Notice of Removal ("NOR") (Docket No. 1)).

## II.    **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for

---

**CIVIL MINUTES—GENERAL**                                                    **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-7761-MWF (MBKx)**                    **Date:  January 20, 2026**
Title:        Joel Andrew Warman et al. v. General Motors LLC et al.

damages and other legal and equitable relief" in "any court of competent jurisdiction in any State."  15 U.S.C. § 2310(d)(1).  The MMWA also establishes that no such claim may be brought in the United States district courts "if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)."  15 U.S.C. § 2310(d)(3)(A) & (B).  Put another way, federal courts have jurisdiction over MMWA claims only if the amount in controversy exceeds $50,000.  "There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332."  *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

## III.  **DISCUSSION**

Plaintiffs challenge GM's removal both on procedural and substantive grounds.  First, Plaintiffs argue that removal was untimely because the Complaint affirmatively established that the amount in controversy was over the threshold to remove to federal court.  (Motion at 4-9).  Then, in the next section, Plaintiffs argue that GM cannot establish that the amount in controversy meets the threshold requirement.  (*Id.* at 9-11).

As a preliminary matter, the Court notes that these arguments are inconsistent — and not merely alternative legal arguments but incompatible representations of the record and jurisdictional facts.  In the same breath, Plaintiffs assert that the amount in controversy was apparent from the face of the Complaint to be over $50,000, but also that the amount in controversy is fatally speculative.  Indeed, after arguing for several pages that GM should have immediately removed because the Complaint was clear about the amount in controversy, Plaintiffs then assert that "Defendant has not identified any factual allegations in the Complaint or produced any evidence showing that Plaintiff's [*sic*] actual damages approach or exceed $50,000."  (Motion at 9).

Quite plainly, Plaintiffs cannot have it both ways, and the arguments would seem to violate Rule 11(b)(3), for lack of evidentiary support, since the factual basis for both arguments cannot simultaneously be true.  *See Letter v. Gen. Motors LLC*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-7761-MWF (MBKx)**                     **Date:  January 20, 2026**
Title:      Joel Andrew Warman et al. v. General Motors LLC et al.

CV 25-07757-HDV (MAAx), 2025 WL 3187652, at *3 (C.D. Cal. Nov. 12, 2025) ("Presenting both positions at once borders on sanctionable."). Plaintiffs' contradictory arguments are also indications of precisely the type of "gamesmanship in pleadings" that the Ninth Circuit has attempted to curb in its removal jurisprudence. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (2013) (explaining that 28 U.S.C. § 1446(b) is interpreted to "avoid a 'Catch-22' for defendants desirous of a federal forum," and that, accordingly, plaintiffs "assume the costs associated with their own indeterminate pleadings").

Plaintiffs may not now escape the implications of their arguments. Because Plaintiffs assert that the amount in controversy obviously met the jurisdictional threshold in the first part of their Motion, the Court construes this argument as an implicit admission that the amount in controversy requirement is met. Accordingly, the Court will only consider the first argument raised by Plaintiffs that GM did not timely remove the action.

Plaintiffs argue that GM's removal was untimely because removability was ascertainable from the face of the Complaint. (Motion at 6-9). GM disputes that the Complaint provided sufficient information to trigger the deadline for removal. (Opp. at 12-18). GM instead contends that removal was timely because its own investigation revealed a non-speculative basis for seeking removal. (*Id.* at 6-8; *see also* NOR at 2).

Under § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. In adopting this standard, the Ninth Circuit sought to, among other things, "bring[] certainty and predictability to the process" of removals, "avoid[] gamesmanship in pleading," "guard[] against premature and protective removals," and ensure "that removal occurs once the jurisdictional facts supporting removal are evident[.]" *Id.* at 697, 698. On the other hand, if no pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-7761-MWF (MBKx)**               **Date:  January 20, 2026**
Title:        Joel Andrew Warman et al. v. General Motors LLC et al.

or other paper served by a plaintiff triggers a 30-day deadline for removal, a defendant is permitted to remove outside of the 30-day period based on its own discovered information.  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Here, the Court concludes that the amount in controversy was not ascertainable from the face of the Complaint such that its filing triggered a 30-day deadline to remove the action.  As an initial matter, as to Plaintiffs' federal question argument, Plaintiffs ignore that the MMWA has its own $50,000 amount in controversy requirement.  *See* 15 U.S.C. § 2310(d)(3)(B).  Accordingly, even for the MMWA claim, GM need not remove until it ascertains that the amount in controversy requirement is met.  And nowhere in their Complaint do Plaintiffs allege even a boilerplate statement that they are entitled to more than $50,000, let alone any specific amounts (*i.e.*, purchase price) that would give GM notice that Plaintiffs' claims were worth $50,000.

Plaintiffs claim that the amount in controversy could be met considering the civil penalties and attorneys' fees available under the SBA.  (Motion at 8).  While this Court generally agrees that it may indeed consider civil penalties in assessing the amount in controversy for an SBA claim, *see, e.g.*, *Zepeda v. Ford Motor Co.*, No. EDCV 25-01464-MWF (SHKx), 2025 WL 2650358, at *2–3 (C.D. Cal. Sept. 16, 2025), GM could not have calculated civil penalties in this action until the actual damages were certain.  *See Chavez v. FCA US LLC*, No. CV 19-06003-ODW (GJSx), 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) ("If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain."); *Covarrubias v. Ford Motor Co.*, No. CV 25-00328-JLS (MAAx), 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) ("Because any estimate of actual damages is uncertain from the face of Plaintiff's Complaint, any estimate of civil penalties is equally uncertain.").  The Complaint similarly provides no basis from which GM could conclude that attorneys' fees would meet the amount in controversy.  *See Lopez*, 2025 WL 2629545, at *4 (holding that amount in controversy cannot be based on attorneys' fees alone where actual damages and civil penalties under the SBA were uncertain).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-7761-MWF (MBKx)**          **Date:  January 20, 2026**
Title:      Joel Andrew Warman et al. v. General Motors LLC et al.

Plaintiffs further argue that the caption page and Civil Case Cover Sheet to the Complaint invoked the state court's unlimited jurisdiction, indicating that they were seeking damages above $35,000.  (Motion at 8).  This argument is unavailing.  "Courts have rejected identical arguments that bringing a similar claim under the state court's unlimited jurisdiction is sufficient to show that the amount in controversy requirement is met."  *Lopez*, 2025 WL 2629545, at *2 (collecting cases).

Plaintiffs next argue that removability was ascertainable from the Complaint because GM itself had the ability to investigate the value of the Vehicle given the make, model, year, and VIN included in the Complaint.  (Motion at 7-8).  But the Ninth Circuit has explicitly rejected the notion that defendants must "make extrapolations or engage in guesswork" where a complaint does not allege any specific figures that would allow defendants to calculate the amount in controversy.  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (2013).

Of course, GM is permitted to remove an action based on its own investigation of the jurisdictional facts, as is the case here.  *See Roth,* 720 F.3d at 1125.  As the Ninth Circuit has held: "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so.  But neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own."  *Id.*

In sum, the Complaint did not trigger the deadline for removal, nor did Plaintiffs provide any "other paper" that could have triggered a 30-day deadline to remove under § 1446.  Because GM properly removed on the basis of its own discovery of jurisdictional facts, the Motion is **DENIED**.

Because removal was timely, there is no basis to award attorneys' fees and costs under 28 U.S.C. § 1447(c).  Plaintiffs' request is thus **DENIED *as moot***.

IT IS SO ORDERED.